UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Thompson,

                Petitioner,

      –v–

United States of America,

                Respondent.

16-CV-3468 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court are objections filed by *pro se* Petitioner John Thompson to a March 20, 2017 Memorandum and Order issued by United States Magistrate Judge Kevin Nathaniel Fox denying Thompson's request for leave to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 17 (the "March 20 Order"). For the reasons set forth below, Thompson's objections are DENIED.

## I.    Background

On January 21, 2014, Thompson pled guilty before this Court, pursuant to a plea agreement with the Government, to Counts One and Two of a three-count Indictment, charging him with conspiracy to distribute and possess with intent to distribute narcotics and conspiracy to commit a Hobbs Act robbery in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), & 846, and 18 U.S.C. § 1951, respectively.[1] On May 28, 2014, the Court sentenced Thompson principally to a term of 188 months imprisonment, which represented the bottom of the applicable United States Sentencing Guidelines range. Thompson then appealed, arguing that his guilty plea was invalid. In response, the Government moved to dismiss the appeal or, in the alternative, for summary affirmance, and Thompson's counsel moved to withdraw pursuant to *Anders v. California*, 386

---

[1] As part of the plea agreement, Thompson was permitted to plead guilty to a lesser-included offense of Count One under 21 U.S.C. §§ 841(b)(1)(B) and 846.

1

U.S. 738 (1967). The Court of Appeals granted both motions. *See United States v. Thompson et al.*, 13-cr-378-1, Dkt. No. 121 (Sept. 16, 2015) (Mandate).

On May 9, 2016, Thompson, now proceeding *pro se*, filed a motion with this Court under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Dkt. No. 1. Thompson principally asserted (1) that he is actually innocent, (2) that his guilty plea was not knowing and voluntary because defense counsel "forced" him to enter it, and (3) that the Government "[m]anufactured jurisdiction" by engaging in "[i]nducement and [e]ntrapment to commit a crime that did not [a]ffect [i]nterstate [c]ommerce". Dkt. No. 1.

By Order dated June 7, 2016, the Court referred this matter to the Magistrate Judge for supervision of *habeas corpus* proceedings. Dkt. No. 5. By submissions filed on November 29, 2016 and December 9, 2016, Dkt. Nos. 13, 15, Thompson moved to amend and/or supplement his § 2255 motion, seeking to add several grounds for relief, including: (1) his guilty plea was not knowing and voluntary and he was denied due process because the undersigned (i) failed to conduct an appropriate colloquy on voluntariness, (ii) failed to ensure that Thompson understood the charges against him, (iii) impermissibly "led" Thompson into a line of "leading" questions during his plea allocution, thereby causing him to admit guilt, and (iv) committed "procedural error" in failing to "elicit [Thompson's] understanding" of the terms of the plea agreement waiving his right to appeal and/or collaterally attack his sentence; (2) he was denied effective assistance of counsel because his attorney failed to object to these purported "procedural errors"; (3) he was "misinformed" concerning the factual predicate for convictions under Counts One and Two of the Indictment; (4) the factual basis of his guilty plea was insufficient; (5) his guilty plea was the result of prosecutorial misconduct insofar as the Government "selected to prosecute [Thompson] via 'entrapment' through [its] racial and discriminatory 'Stash House-Sting Program.'" *See* March 20 Order at 4-5.

On March 20, 2017, Judge Fox denied Thompson's motion to amend as futile. March 20 Order at 5-6. On April 6, 2017, Thompson filed objections to the Magistrate Judge's March 20

Order. Dkt. No. 18. The Court invited a response from the Government, which submitted a letter on April 24, 2017, Dkt. No. 22, contending that Thompson's objections should be rejected for substantially the reasons set forth in the March 20 Order. Thompson replied on May 12, 2017. Dkt. No. 25.

## II. Discussion

"A motion to amend à *habeas* petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a)." *Feliciano v. United States*, 01-cv-9398, 2009 WL 928140, at *2 (S.D.N.Y. Mar. 30, 2009) (citing *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002)). Under Rule 15(a), leave to amend is to "be freely given when justice so requires." *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (internal quotation marks omitted). However, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.* 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Motions . . . to amend are generally considered nondispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential," with such decisions to be disturbed only if they are "clearly erroneous" or "contrary to law." *McNeil v. Capra*, 13-cv-3048, 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015) (internal quotation marks and citations omitted) (collecting cases); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[2]

Thompson objects to the March 20 Order principally on the ground that the Magistrate Judge improperly "construed [his] Rule 15(c) motion to amend to that of a Rule 15(a) motion and then procedurally time barred the amended pleading . . . without first giving Thompson

---

[2] The Second Circuit has recognized that "a court reviewing a Rule 15(c)(2) decision" regarding the relation back of proposed amendments "performs a function analogous to that performed by an appellate court reviewing a dismissal for failure to state a claim under Rule 12(b)(6)" and, as such, should employ a *de novo* standard. *Slayton v. American Express Co.*, 460 F.3d 215, 227-228 (2d Cir. 2006). Here, however, the Magistrate Judge, as explained further below, denied Thompson's motion to amend as futile under Rule 15(a) rather than as untimely under Rule 15(c). As such, the deferential standard of review remains appropriate.

3

proper notice that he intended to do so," purportedly in violation of *Castro v. United States*, 540 U.S. 375 (2003). Dkt. No. 18 at 8-9. That argument is meritless. In *Castro*, the Supreme Court held only, in pertinent part, that before a court "recharacterizes a *pro se* litigant's motion *as a first § 2255 motion*," it must provide notice, give warning of the implications of such a recharacterization in light of the restrictions on second or successive § 2255 motions, and afford the *pro se* litigant an opportunity to withdraw or amend. 540 U.S. at 383 (emphasis added). Here, the Magistrate Judge did not recharacterize Thompson's application as an independent § 2255 motion, thus potentially implicating the restrictions on successive motions. Instead, he recognized it as an untimely application to amend a pending § 2255 motion and observed, correctly, that it must satisfy both the standard generally applicable to amended pleadings under Rule 15(a) and the relation-back standard applicable to untimely amendments to *habeas* petitions under Rule 15(c). March 20 Order at 5-6; *see also Ching*, 298 F.3d at 181 (recognizing that Rule 15(c) "governs the timeliness of a motion to amend submitted after [the Antiterrorism and Effective Death Penalty Act's] statute of limitations has expired"). The Magistrate Judge's construction of Thompson's motion was fully consistent with Second Circuit case law and in no way violates the directives of *Castro*. *Cf. Ching*, 298 F.3d at 177-79 (district courts should treat a § 2255 motion received during the pendency of an earlier § 2255 motion as an application to amend).

Thompson also objects more generally to the Magistrate Judge's purported conclusion that the motion to amend was time-barred. Dkt. No. 18 at 14-15. But the Magistrate Judge did not reach any definitive conclusion on that issue, and did not deny the application based on timeliness. The Magistrate Judge observed that the motion was filed after the expiration of the applicable of statute of limitations but explicitly recognized that the proposed amendments could, in theory, relate back to Thompson's original petition under Rule 15(c). March 20 Order at 5-6. The Magistrate Judge viewed it as unnecessary to analyze whether they in fact did so, however, because the amendment, even if timely, would be futile under Rule 15(a). *Id.*; *see also*

4

*Erdogan v. Nassau Cnty.*, 10-cv-5837, 2014 WL 1236679, at \*2-5, 12 (E.D.N.Y. Mar. 25, 2014) (even when a motion is deemed timely under Rule 15(c), it still must satisfy the Rule 15(a) standard).

Finally, Thompson objects to the Magistrate Judge's determination that his proposed amendments are futile. Dkt. No. 18 at 11-13. Thompson's objections on this front are largely "conclusory [and] general," and, overwhelmingly, they "simply reiterate[] [his] original arguments." *McNeil*, 2015 WL 4719697, at \*3 (internal quotation marks and citation omitted). In such situations, the Court reviews the Magistrate Judge's decision "strictly for clear error," *id.* (internal quotation marks and citation omitted), and, here, it finds none. *See Quinn v. Stewart*, 10-cv-8692, 2012 WL 1080145, at \*4 (S.D.N.Y. Apr. 2, 2012) ("[E]ven a *pro se* party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's [determination], such that no party be allowed a second bite at the apple by simply relitigating a prior argument.") (internal quotation marks omitted).[3]

## III.   Conclusion

For these reasons, the Court DENIES Thompson's objections to the March 20 Order. The Court notes, however, that Thompson repeatedly asserts in his submissions that he has never a received a copy of the Government's opposition to his original § 2255 motion. Within 7 days of this Order, the Government shall file a letter with this Court confirming that it has duly served Thompson by mail with a copy of all opposition papers it has submitted in this matter.

A copy of this Order will be mailed to Thompson.

SO ORDERED.

---

[3] As the Magistrate Judge noted, Thompson's application to amend includes several references to "supplementing" his original § 2255 petition. March 20 Order at 6. Federal Rule of Civil Procedure 15(d) governs motions to supplement *habeas* petitions, and it applies "[o]nly where the motion in question sets forth a 'transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Sookoo v. Heath*, 09-cv-9820, 2011 WL 6188729, at \*2 (S.D.N.Y. Dec. 12, 2011) (quoting Fed. R. Civ. P. 15(d)). As Thompson's proposed amendments all concern events that occurred well before the filing of his original § 2255 petition, the Magistrate Judge was correct in noting that "Rule 15(d) does not apply in this case." March 20 Order at 6.

Dated: June **19**, 2017
New York, New York

ALISON J. NATHAN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 9 2017