USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 3 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Thompson,

        Petitioner,

—v—

United States of America,

        Respondent.

16-CV-3468 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court are *pro se* Petitioner John Thompson's ("Petitioner" or "Thompson") objections to a report and recommendation (the "Report" OR "R&R") issued by the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, recommending that Thompson's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 be denied, *see* Dkt. No. 23[1], as well as two outstanding motions for leave to amend, *see* Dkt. Nos. 19 & 28, and one motion for the appointment of pro bono counsel, *see* Dkt. No. 24. For the following reasons, the Court adopts the Report in its entirety and denies Thompson's petition. The Court also denies Thompson's motions for leave to amend and for the appointment of counsel.

I. **Background**

    A. **Procedural History**

In 2013, Petitioner was arrested and charged with three total counts: 1) one count of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(A), and 2) one count of conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2; and 3) one count of using and carrying a firearm during and in relation to a crime of

---

[1] Unless otherwise specified, all references to the docket refer to the docket in the above-captioned case.

1

violence, namely the Hobbs Act conspiracy, and possessing a firearm in furtherance of that crime, in violation of 18 U.S.C. §§ 924(c) and 2. No. 13-CR-378, Dkt. No. 13. On January 21, 2014, pursuant to a plea agreement with the respondent, Petitioner pleaded guilty before this Court to a lesser-included offense of Count One, that is, a violation of §§ 846 and 841(b)(1)(B), and to Count Two. No. 13-CR-378, Dkt. No. 80. On May 28, 2014, Petitioner was sentenced to 188 months imprisonment. *Id.* Thompson appealed his sentence, but the Second Circuit Court of Appeals affirmed the judgment of this Court. No. 13-CR-378, Dkt. No. 121.

On May 9, 2016, Petitioner, now proceeding *pro se*, filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1; No. 13-CR-378, Dkt. No. 126. By Order dated June 7, 2016, the Court referred this matter to the Magistrate Judge for supervision of *habeas corpus* proceedings. Dkt. No. 5. After the Government (or "Respondent") filed its answer, *see* Dkt. No. 6, Petitioner moved for leave to amend his motion for habeas relief. Dkt. No. 13. On March 20, 2017, Magistrate Judge Kevin Fox issued a memorandum and order denying Petitioner leave to amend as futile. Dkt. No. 17. Petitioner then filed objections to the Magistrate's order, arguing that the Magistrate erred in construing his motion under Federal Rule of Civil Procedure 15(a) instead of 15(c), and erred in his evaluation of the Petitioner's proposed amendments. Dkt. No. 18. On June 19, 2017, this Court reviewed Judge Fox's March 20 Order and denied Petitioner's objections. Dkt. No. 26. Petitioner has moved for leave to amend or supplement his habeas petition two more times, *see* Dkt. Nos. 19 & 28, which remain pending. Petitioner also appealed the Court's June 19 Order denying him leave to amend to the Second Circuit, which remains pending as well. *See Thompson v. United States*, No. 17-2386 (2d Cir. Aug. 3, 2017).

Separately, on April 18, 2017, Magistrate Judge Fox issued a Report and Recommendation ("R&R") on Petitioner's original motion to vacate his sentence under 28 U.S.C. § 2255. Dkt. No. 21. Judge Fox recommended that Petitioner's motion be denied. *Id.* at 11. Petitioner filed objections to Judge Fox's R&R, Dkt. No. 23, and Judge Fox's R&R and Thompson's objections are now before the Court.

2

### B. Summary of Judge Fox's Report and Recommendation

The Court assumes familiarity with the facts as stated in the R&R. Briefly, in March 2013, a cooperating witness, Jose Rodriguez, identified Thompson to law enforcement as an individual who robbed drug dealers. At the direction of law enforcement, Rodriguez called Thompson claiming to have information about a drug trafficking organization that could be robbed. At a meeting in New York City with Rodriguez and an additional confidential informant ("CI") working with law enforcement, Thompson expressed interest in helping the CI with the robbery of a shipment of drugs coming up from Florida. At a meeting on or about March 29, 2013, Thompson told Rodriguez and the CI that he had assembled a robbery crew.

At a meeting held on or about April 19, 2013, Thompson was informed that the shipment would arrive on April 22nd. In recorded telephone conversations on April 22, 2013, Thompson indicated the he and his crew were ready to carry out the robbery and were on their way to New York City to meet Rodriguez and the CI. When Thompson and his accomplices reached the designated meeting location, they were arrested, and evidence and firearms were seized incident to the arrest.

As recounted above, Thompson was charged with three counts, and ultimately pleaded guilty to a drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and to a Hobbs Act conspiracy in violation of 18 U.S.C. §§ 1951 and 2.

In his present habeas petition, Thompson principally asserts: (1) that he is actually innocent of conspiracy to commit a Hobbs Act robbery, because law enforcement "concocted" a fictitious robbery, and, as a result, interstate commerce was not affected; (2) that his guilty plea was not knowing and voluntary because defense counsel "forced" him to enter it, and (3) that the Government "[m]anufactured jurisdiction" by having a CI contact him to travel to New York to "rob a fictitious drug dealer," inducing and entrapping him to commit a crime that did not affect interstate commerce. *See generally* Dkt. No. 1.

Judge Fox concluded that all three arguments were without merit. First, Judge Fox found that "factual impossibility" is no defense to Hobbs Act conspiracy. Dkt. No. 21 at 6-7 (quoting

3

*United States v. Clemente*, 22 F.3d 477, 480-81 (2d Cir. 1994)). The fact that no robbery took place or could have taken place is immaterial given that the Government's evidentiary proffer included that Thompson conspired to conduct a robbery using firearms that traveled in interstate commerce to steal narcotics which were in and affecting interstate commerce. *Id.* at 7. Second, applying the test set out by the Supreme Court in *Strickland v. Washington*, Judge Fox determined that Thompson had not shown how his attorney's representation fell below "an objective standard of reasonableness," how counsel had "coerced him," nor how he was "prejudiced" by counsel's errors, concluding that "no grounds exist for vacating the movant's sentence on the basis of ineffective assistance of counsel." *Id.* at 8-9 (quoting 104 S. Ct. 2052 (1984)). As a result, Judge Fox also found Thompson's motion was procedurally barred by the waiver provision of his plea agreement. *Id.* at 10-11. Third, Judge Fox, noting that a valid entrapment defense includes an element of "a lack of predisposition on the part of the defendant to engage in criminal conduct," concluded that Thompson repeatedly expressed "his willingness to participate in the robbery scheme," leaving his entrapment claims "unfounded." *Id.* at 9-10 (citing *United States v. Cromitie*, 727 F.3d 194, 204 (2d Cir. 2013) and *United States v. Salerno*, 66 F.3d 544, 547 (2d Cir. 1995)).

The Court will address the R&R and Petitioner's objections first, followed by Petitioner's two motions for leave to amend, and his motion for the appointment of pro bono counsel.

**II. Discussion**

    **A. Review of the Report and Recommendation on Thompson's Habeas Petition**

        **1. Legal Standard**

When reviewing a report and recommendation on a dispositive motion, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to the Report, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* For those portions of the Report

4

that face no objections, however, the district court reviews for clear error. *Watson v. Geithner*, No. 11-CV-9527(AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013). Similarly, "when a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error." *Chebere v. Phillips*, No. 04-CV-296(LAP), 2013 WL 5273796, at *3 (S.D.N.Y. Sept. 18, 2013). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Courtney v. Colvin*, No. 13-CV-2884(AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2014) (internal quotation marks and citation omitted).

A district court considering a Section 2255 motion must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is warranted if the motion sets forth "specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the defendant] to relief." *Gonzales v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). By contrast, a hearing is not necessary "where the allegations are vague, conclusory, or palpably incredible." *Id.* at 130-31 (internal quotation marks and citation omitted).

Because Thompson is proceeding *pro se*, his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

### 2. Thompson's Objections

Thompson's objections to the R&R may be found in three places. First, on May 1, 2017, he filed a direct response that lodges procedural objections only. *See* Dkt. No. 23. In that document, Thompson claims that Judge Fox did not have the authority to issue the March 20, 2017 Memorandum and Order denying his motion for leave to amend, and that it should have been issued as a Report and Recommendation. *Id.* at 2. He goes on to claim that Judge Fox only issued the Report at issue here to correct his mistake in issuing the first Memorandum and Order,

and so is "tainted." *Id.* Thompson moves this Court to "enter default judgment against MJ Fox's R and R, and strike same as moot." *Id.*

Petitioner's objections about the procedure followed by the magistrate judge are unavailing. "Motions...to amend are generally considered nondispositive motions," and so Judge Fox's styling of his opinion as a "Memorandum and Order" is procedurally appropriate. *See McNeil v. Capra*, No. 13-CV-3048(RA), 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015); *Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 584-85 (2d Cir. 2003) (summary order) (characterizing plaintiff's motion to amend as "nondispositive"); *see also Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749(KMW)(DCF), 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009) (affirming Magistrate Judge Freeman's "Memorandum and Opinion" granting in part and denying in part plaintiffs' motion for leave to amend); *Tardif v. City of New York*, No. 13-CV-4056(KMW)(FM), 2016 WL 2343861 (S.D.N.Y. May 3, 2016) (same). Moreover, whether styled as a "Report and Recommendation" or "Memorandum and Order," this Court, following Petitioner's filing of objections, did undertake a careful review of Judge Fox's opinion. *See* Dkt. No. 26. Thompson provides no basis in the law for his argument, nor offers any explanation of how Judge Fox's March 20 Order "taints" the subsequently submitted and presently considered R&R. These objections are denied.

Second, in Thompson's objections to the R&R, he "incorporates by reference" the objections he filed in response to Judge Fox's March 20 Memorandum and Order. Dkt. No. 23 at 1. Those objections were subsequently addressed in the Court's June 19 Order, *see* Dkt. No. 26, and do not merit reconsideration within the context of evaluating this R&R.

Third, as Thompson claims to have not received the Government's original submission in opposition to his habeas petition until it was definitively served in June 2017, *see* Dkt. Nos. 10, 27, he first filed his reply on July 28, 2017. Dkt. No. 29. Out of an abundance of caution, as it is possible that Petitioner had not received the Government's submission until after he submitted his objections to the R&R, the Court will deem the reply as part of his objections since it was submitted after Judge Fox had already issued his R&R.

Petitioner makes two main arguments in his reply, one of which is new and not reflected in his initial petition, and one of which reiterates an argument previously made and considered.

First, he argues that the waiver provisions in his plea agreement should not be enforced because "the process by which the guilty plea was procured were [sic] statutorily and constitutionally invalid," and because he "received ineffective assistance of counsel in the process." Dkt. No. 29 at 4. Specifically, Thompson claims he was "either misinformed of the offense charged, or informed of the offenses charged in which he was not charged, when the court misinformed him of the lesser-included offense of 21 U.S.C. 846 and 841(b)(1)(A) to be that of 841(b)(1)(B), rather than 841-simply possession." *Id.* at 5. He further claims that the court misinformed him "that the indictment charged him under subsection (b)(1)'(B)' of § 841, when in fact he was only charged under subsection (b)(1)'(A)' of § 841." *Id.*

This is factually incorrect. The plea agreement Thompson signed makes it clear that while Mr. Thompson was charged with a violation of 21 U.S.C. § 841(b)(1)(A), the Government would accept a guilty plea to the lesser included offense of a violation of 21 U.S.C. § 841(b)(1)(B). *See* Plea Agreement dated January 13, 2014 at 1. The plea colloquy accurately reflected the Plea Agreement and accurately stated the offense both charged and to which he pleaded.

> THE COURT: So turning to the charges, do you understand that you are charged in count one with participating in a conspiracy to distribute or possess with intent to distribute give -- I'm going to state what you're charged with and then we'll discuss the lesser included offense which I understand is what the government has agreed to. But you are charged in count one with participating in a conspiracy to distribute or possess with intent to distribute 5 kilograms or more of mixtures or substances containing a detectable amount of cocaine, and 1 kilogram or more of mixtures or substances containing a detectable amount of heroin; do you understand that is what you are charged with in count one?
> THE DEFENDANT: Yes.
> THE COURT: And I understand that under the terms of the plea agreement, the government will accept a guilty plea to the lesser-included offense of participating in a conspiracy to distribute or possess with intent to distribute 500 grams or more of mixtures and substances containing a detectable amount of cocaine, and 100 grams or more of mixtures or substances containing a detectable amount of heroin; is that correct?
> MR. IMPERATORE: That's correct, your Honor.

7

Tr. 8:20-9:15

The Court's description of each offense was accurate. Additionally, the Court had the Government state the elements of the offense to which Mr. Thompson pleaded guilty.

> THE COURT: All right. I'll ask counsel for the government if you would please, with respect to each count, describe, state the elements of the offenses in question.
> MR. IMPERATORE: Yes, your Honor. Count one charges the defendant with entering into a conspiracy to violate the narcotics laws of the United States in violation of Title 21 United States Code Section 846. There are two elements to this offense. First, the existence of an agreement to violent those provisions of the law that make it illegal to distribute a controlled substance or to possess a controlled substance with the intent to distribute it; second, that the defendant knowingly became a member of the conspiracy. Count one also charges 21 USC Section 841(b)(1)(B). This is a penalty provision that applies when the object of the conspiracy was to distribute more than 100 grams of heroin or more than 500 grams of cocaine.
> Tr. 9:20-22; 10:3-15.

The Government's description of these provisions was accurate. It was clear from the Agreement and colloquy that Thompson was pleading guilty to a violation of 21 U.S.C. § 841(b)(1)(B).[2] There is no basis in Petitioner's objection.

Second, Thompson argues in his reply that, contrary to the Government's contention, his motion is not procedurally barred "because he is actually innocent of the underlying facts leading to [the] offense of conviction in this case." Dkt. No. 29 at 5. Thompson argues that he is innocent because "he has not affected interstate commerce and the factual basis adduced at or during the plea colloquy failed to support these facts." *Id.* at 6. Petitioner made a similar argument in his initial submission, Dkt. No. 1 at 20-23, and Judge Fox considered and rejected these claims in his R&R. *See* Dkt. No. 21 at 6-7. Accordingly, the Court reviews this portion of the R&R only for clear error. *Chebere*, 2013 WL 5273796, at *3 ("[W]hen a party...simply

---

[2] The Court is not sure what Petitioner means when he suggests that he should have been informed about "841-simply possession," but to the extent that his argument is that there should have been no specified quantity of drugs attached to the charge, as in a violation of § 841(b)(1)(C), this is plainly contradicted by the language of the Agreement and by his understanding as stated during the colloquy.

8

reiterates the original arguments, the Court will review the report only for clear error."). The Court finds no clear error; as Thompson has failed to demonstrate his actual innocence, he cannot show cause for his procedural default.

Finally, Thompson includes a brief statement in his reply stating that the Court had failed "to assure that a factual basis was legally sufficient before accepting the guilty plea." Dkt. No. 29 at 4. This statement is far too general and conclusory to constitute a valid objection, and so the Court reviews this aspect of Judge Fox's R&R – which focused on the interstate commerce element of Hobbs Act robbery – for clear error only. The Court finds no clear error in this section of Judge Fox's R&R. *See* Dkt. No. 21 at 6-7.

The Court's *de novo* review of the objected-to portions of Judge Fox's R&R reveals no basis for rejecting or modifying it, nor does the Court perceive any clear error in the remainder of the R&R. Accordingly, the Court adopts the Report and Recommendation in its entirety.

### B.     Petitioner's Second and Third Motions to Amend

"A motion to amend a *habeas* petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a)." *Feliciano v. United States*, 01-CV-9398(PKL), 2009 WL 928140, at *2 (S.D.N.Y. Mar. 30, 2009) (citing *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002)). Under Rule 15(a), leave to amend is to "be freely given when justice so requires." *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (internal quotation marks omitted). However, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In his second motion to amend, Petitioner points to the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and argues that under *Mathis*, his prior

9

convictions under New Jersey controlled substances laws do not count as predicate offenses for the purposes of the career offender provision in the United States Sentencing Guidelines. Dkt. No. 19 at 7-11. Relying on *Mathis*, Petitioner argues that his motion is timely under 28 U.S.C. § 2255(f)(3), which allows a motion to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id.* at 9.

Petitioner's reading of *Mathis* is unduly broad, and *Mathis* creates no new right applicable to his arguments here. Thompson argues that his 2001 and 2011 drug trafficking convictions under N.J.S. 2C:35, "should no longer qualify as predicates for 'career offender' enhancement purposes under U.S.S.G. § 4B1.1, because the § 2C:35 statute is broader than the generic drug statute for enumerated crime clauses." *Id.* at 7. His claim goes simply to whether the Court misapplied the "modified categorical approach" in deciding whether his prior state drug crime rendered him a career offender under the Guidelines. *Mathis* dealt with the narrow question of laws that enumerate "various factual means of committing a single element," and not multiple elements listed disjunctively. *See Mathis*, 136 S. Ct. at 2249. That is not an issue present with respect to this particular statute. *See, e.g., Gonzalez v. United States*, No. 16-CV-9412(KSH), 2017 WL 4119585, at *2-3 (D.N.J. Sept. 15, 2017) (rejecting the applicability of *Mathis* to 2C:35); *Arrington v. United States*, No. 17-CV-2638(PGS), 2017 WL 3202826, at *2 (D.N.J. July 26, 2017) (same). *Mathis* did not announce any new law relevant to Petitioner's claim, and so his motion is time-barred, 28 U.S.C. § 2255(f), and amendment would be futile.

In his third motion to amend, Petitioner points to *Lee v. United States*, 137 S. Ct. 1958 (2017), in another attempt to prolong his *habeas* case. Dkt. No. 28. As with Petitioner's second motion to amend, however, *Lee* presents no new law affecting his petition. In *Lee*, the Supreme Court held that the defendant showed "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," when his attorney failed to inform him that his plea would lead to mandatory deportation. 137 S. Ct. at 1964-68 (quoting *Strickland*, 466 U.S. at 694). Petitioner's motion to amend simply relitigates his

10

arguments under *Strickland*, namely Thompson's claim that his attorney provided poor advice when analyzing Thompson's defenses to the Hobbs Act charge. Dkt. No. 28 at 2. *Lee* relies on *Strickland* and does not change the relevant standard in any way applicable here. *Lee*, 137 S. Ct. at 1964. Petitioner's proposed amendment would be futile, and therefore leave to amend is denied.

C.  **Petitioner's Motion to Appoint Pro Bono Counsel**

For the reasons stated above, the Court finds that Petitioner's *habeas* claim lacks merit. Accordingly, the Court denies Thompson's motion for appointment of pro bono counsel. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989) (holding that without a threshold showing of likelihood of merit, courts should not appoint counsel).

**III.  Conclusion**

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety, and DENIES Thompson's petition for a writ of habeas corpus. No evidentiary hearing is necessary because the files and records of the case conclusively show that he is not entitled to relief. 28 U.S.C. § 2255(b).

The Court also denies Thompson's second and third motions for leave to amend, and his motion for the appointment of pro bono counsel.

In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

This Order resolves Dkt. Nos. 19, 24, & 28 in Case No. 16-CV-3468, and Dkt. Nos. 126 & 148, in Case No. 13-CR-378. The Clerk of Court shall close this case.

This Order will be mailed to Petitioner, who appears *pro se*.

SO ORDERED.

Dated: January 3, 2018
      New York, New York

_____
ALISON J. NATHAN
United States District Judge